IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBIN MERKERSON,

    PLAINTIFF,                                      CIVIL ACTION NO.

V.

BIRMINGHAM HEALTH CARE, INC.,

    DEFENDANT.                              TRIAL BY JURY REQUESTED

## COMPLAINT

COMES NOW the Plaintiff by and through the undersigned attorneys, and for the causes of action, states the following:

**I. JURISDICTION AND VENUE**

1. This action for injunctive relief and damages is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. §1331. An Opt-in Collective Action is sought under FLSA 16(b).

**II. PARTIES**

2. Plaintiff Robin Merkerson (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama and performed work for the Defendants in the counties composing the Northern District of Alabama. Plaintiff was an employee

1

within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Northern District, Southern Division. Plaintiff's Consent is attached as Exhibit A.

3. Defendant, Birmingham Health Care, Inc. ("Defendant"), is registered and does business in the State of Alabama. Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

### III. FACTUAL SUMMARY

4. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 3 above as if fully set forth herein.

5. Plaintiff began work with Defendant on March 4, 2010, as a custodian.

6. Plaintiff's job duties as maintenance worker included cleaning and sanitizing the facilities, toys and equipment; as well as some basic grounds work such as mowing the lawn, trimming trees and shrubs.

7. During each and every workweek, Defendant classified Plaintiff as an hourly paid, non-exempt employee

8. Throughout the employment relationship, Defendant paid Plaintiff an hourly rate of pay was $5.50 per hour.

### IV. COUNT ONE – FLSA – Minimum Wage Violations

9. Plaintiff adopts by reference each and every material averment contained

2

in paragraphs 1 through 8 above as if fully set forth herein.

10. Defendants employed Plaintiff, and other similarly situated employees, through a program for job training.

11. Pursuant to the alleged program, Defendant alleges it can Plaintiff and other similarly situated employees a regularly hourly rate of $5.50 per hour.

12. Pursuant to the alleged program, Plaintiff, and other similar-situated employees, are supposed to receive a raise of $7.25 per hour after working for eighteen weeks.

13. After eighteen weeks, Defendant did not give Plaintiff a raise to $7.25 per hour.

14. Upon information and belief, Defendant did not give any employee earning $5.50 an hour through the alleged training program a raise that was equal to, on in excess, of the Federal Minimum Wage.

15. Defendants have a regular practice of not paying Plaintiff, and similarly situated co-workers, for work performed for the benefit of Defendants at a regular rate of pay of $7.25 (or more) per hour.

16. By failing to pay Plaintiff, and similarly situated co-workers, for all hours worked by Plaintiffs for the benefit of Defendants at a rate equal to, or greater than $7.25 per hour, Defendants have willfully violated the minimum wage requirements of

3

the FLSA.

17. In January 2014, Defendant transferred the employment of Plaintiff and others in its alleged training program to a real estate management company and immediately commenced paying Plaintiff, and other similar situated employees, the Federal Minimum Wage of $7.25 per hour.

18. As a result of Defendants' willful violation of the FLSA, Plaintiff has been damaged, suffering loss of pay.

## V. COUNT TWO – OPT-IN COLLECTIVE ACTION

19. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 18 above as if fully set forth herein.

20. Plaintiff brings this suit as an opt-in collection action pursuant to the FLSA 16(b).

21. Defendants have employed approximately 100 plus people subjected to similar policy and practice violations of the FLSA as Plaintiff for three years preceding the filing of this complaint.

22. The potential class is comprised of any and all non-exempt employees of Defendants performing work for Defendant wherein Defendant paid employees a rate less than $7.25 per hour, at any time during the three (3) years preceding their joining this action such that the wages paid fell below the threshold for the Federal Minimum

Wage of $7.25 per hour.

23. Upon information and belief, Defendants have refused and is refusing to fully pay all employees for performing work at a rate equal to, or in excess of, the Federal Minimum Wage. Therefore, the potential plaintiff class is so numerous that joinder is impracticable.

24. Upon information and belief, the practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

25. Upon information and belief, the claims of the representatives are typical of claims of the class. Plaintiff, and other similarly situated employees at Defendant's business, was subjected to the same unlawful employment practices concerning failure to pay wages equal to, or in excess of, the Federal Minimum Wage and other violations of the FLSA, as were other members of the class.

26. Upon information and belief, Plaintiff will fairly and adequately protect the interest of the class in that she shares common interests with the other members of the class and has employed counsel who will vigorously prosecute the interests of the class.

27. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual

members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendants on all class members.

28.  Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to Plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

## VII. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A.  That the Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B.  That this Court award Plaintiff, and other similarly situated employees, the amount of their unpaid overtime wages, plus an additional equal amount as liquidated damages, and compensatory damages;

C.  That Plaintiff, and other similarly situated employees, be granted judgment against Defendants for all reasonable attorneys' fees, costs, disbursements, and interest;

D.  Plaintiff requests that the Court award Plaintiff declaratory relief pursuant to 28 U.S.C. § 2201 that the actions of Defendant are violative of the law; and

E.  For such other and further relief as this Court deems equitable, proper and just.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue
Birmingham, AL   35203
205.252.1550 – Office
205.252.1556 – Facsimile

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
COUNSEL FOR PLAINTIFF

**SERVE DEFENDANT:**

Birmingham Health Care, Inc.
c/o Jimmy Lacey
1600 20th Street South
Birmingham, AL 35206